UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JUN 07 2021
SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

| | |
|---|---|
| EDWARD ALAN MONK,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO. **4:21-cv-05085-TOR**<br><br>FTCA COMPLAINT<br><br>*(Federal Tort Claims Act, 28 U.S.C. § 1346(b))*<br><br>*(JURY DEMAND)* |

# COMPLAINT

## JURISDICTION

1) This action arises under *Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-80.*

2) Jurisdiction is conferred on this Court by 28 U.S.C. § 1346(b).

3) Pursuant to 28 U.S.C. § 2675(a) the claim set forth herein was presented to the USAO Las Vegas Nevada, FBI, USMS and US Probation Office (PO still considering claim).

4) Statute of limitations is timely due to fraud by out of state defendants. Plaintiff could not reasonably be expected to discover the concealing of nullification of wrongful conviction.

## VENUE

5) Venue is proper in Eastern District of Washington pursuant to 28 U.S.C. § 1402(b) as a substantial portion of this matter occurred within the confines of this district court.

## PARTIES

6) Plaintiff Edward Alan Monk is a citizen of the USA. Plaintiff resides at 1208 W Canyon Lakes Dr, Kennewick, WA 99337, within the confines of this district court.

7) Defendants [Monte N. Stewart, James S. Savett, Michael E. Crowley, Janine Brugnone, Dana Papish and other federal employees involved in FBI Operation Chip Patrol] were employees of the USAO, FBI, USMS and US Probation Office, agencies of United States of America, and acted within their scope of employment, at the time of the incident(s).

8) If the defendants were a private person(s), defendants would be liable to the plaintiff in accordance with the laws of the State of Washington.

## SUMMARY OF FACTS

9) The USDC-NVL 92-CR-00318-GMN criminal case which spawned this tort action has been nullified in the US Courts and involves false arrest/imprisonment, kidnapping and abuse of process by virtue of the use of an invalid indictment issued in the wrong venue.

10) The venue was set to the Eastern District of Washington by the point in time charges listed on the face of USDC-NVL indictment which made Nevada venue of the indictment invalid. Plaintiff objected to the wrong venue of USDC-NVL at WAED 93-mj-04001-JBH hearing in Yakima, WA on January 5th, 1993 and challenged validity of indictment.

11) Abuse of the USDC-NVL invalid (wrong venue) indictment in 92-CR-00318-GMN by FBI and Assistant US Attorney James S. Savett eventually led to a wrongful conviction.

12) Multiple FOIA requests did not reveal conviction nullification had taken place when plaintiff (FOIA) queried the USAO, FBI, and USMS multiple times for information.

13) A check of Pacer shows USDC-NVL 92-CR-00318-GMN has been nullified as appeal CA9 94-10053 has the case status listed as NULL on docket of cases appellate records.

14) Because of this invalid indictment and wrongful conviction plaintiff experienced a loss of earnings capacity, medical expenses, pain and suffering, violations of civil rights (false arrest, kidnapping etc..) and many injuries like paying a $5000 fine and $100 court costs.

15) Plaintiff wrongfully served a sentence of 4 months incarceration and served a federal probation of 3 years from December 1993-1996 as a supposed convicted federal felon.

16) Plaintiff paid attorneys $30,000 to defend against original criminal action back in 1993.

17) As a result of these negligent actions by USAO, FBI, USMS and US Probation Office employees acts it caused a loss of earnings capacity forcing early retirement onto SSDI disability in 2005, at a severely reduced income level, due to the severe health issues caused by negligent actions, which includes failure to protect and malicious prosecution.

## CAUSES OF ACTION

18) Case 93-mj-04001-JBH began in the venue of Benton County when the plaintiff was false arrested and kidnapped by FBI agent Michael E. Crowley January 4th, 1993 using an invalid USDC-NVL indictment issued because of FBI Operation Chip Patrol. Arrest was without a warrant making this arrest a false arrest by FBI agent Michael E. Crowley.

19) Plaintiff was processed without a warrant on January 5th, 1993 by an USMS deputy Janine Brugnone in Yakima, WA in an assault and battery, false arrest and false imprisonment. Arrest was without a warrant and without probable cause.

20) Plaintiff was wrongfully held over for trial in USDC-NVL 92-cr-00318-GMN on the invalid indictment (Venue was incorrect on the face of the indictment.) in this public humiliation and loss of reputation for the plaintiff. Abuse of process and violations of the $4^{th}/5^{th}/6^{th}$ Amendments by the FBI, USMS, and USAO occurred at the wrongful trial.

21) Plaintiff was wrongfully convicted in the wrong venue of USDC-NVL in December 1993 in violation of the $5^{th}/6^{th}$ Amendments in a malicious prosecution. This conviction was nullified in the late 90's. A check of US Courts (Pacer) records confirms this fact. Case nullification was fraudulently concealed by FBI and negligently kept from Plaintiff.

22) Plaintiff was wrongfully sentenced to incarceration of 4 months and a 3-year term of probation as per sentencing and US Probation paperwork. US Probation Officer Dana Papish from December 17th, 1993-December 18, 1996 violated plaintiff right to due process by negligently having plaintiff serve out terms of a wrongful sentence in a public humiliation which damaged plaintiffs reputation by false imprisonment and accusations.

23) Fraud by the government caused injury by these concealment acts by all involved in this matter which allowed plaintiff to suffer millions in lost earnings capacity over a 28-year period of time. This fraud in the concealment of conviction nullification caused pain and suffering, loss of consortium and lost earnings by fraudulently inducing plaintiff into believing he was a convicted felon for 28-years. This act of fraud by concealment of the nullification caused a severe loss of earnings capacity and earnings over a 28-year period.

24) A check of Pacer reveals that USDC-NVL 92-CR-00318-GMN and CA9 94-10053 have been nullified and case status is listed as NULL in those records. A clean FBI National Crime Instant Check (NCIC) supports facts nullification was done and concealed. Acts in lack of notice are a failure to protect as required duty of care for officials in Washington.

25) The long-term tort injuries could have been avoided if, the FBI, USAO or Monte N. Stewart, (former) US Attorney for Nevada, had lawfully noticed plaintiff of nullification of criminal case instead of concealing it. Negligent acts constituted a failure to protect.

**FIRST CLAIM – VIOLATIONS OF TITLE 28 U.S.C. §2671-80**

26) Plaintiff incorporates by reference herein all allegations set forth above.

27) The negligent acts and events set forth above constitute assault, battery, false arrest, false imprisonment, abuse of process, failure to protect, and malicious prosecution under the

laws of the State of Washington. Because these acts and events were undertaken and caused by investigative, law enforcement agents and others of United States government, the United States government is liable for all damages caused by such acts, as provided by Title 28 U.S.C. §2671-80.

## PRAYER

28) WHEREFORE, the Plaintiff is entitled to damages from the United States, the facts are not in dispute and therefore does hereby pray that a summary judgment be entered in the plaintiff favor and against the United States government as follows:

   a. Costs of the criminal prosecution in the amount of $35,100; plus

   b. Damage to reputation in the amount of $2,000,000.00; plus

   c. Emotional distress, humiliation, pain and suffering, loss of earnings and earnings capacity suffered in the amount of $2,000,000.00; plus

   d. Loss of consortium suffered in the amount of $1,000,000.00;

   e. All in sum total amount of $5,035,100.00 for compensatory damages.

29) Plaintiff further is entitled and does hereby seek recovery of all costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,

EDWARD ALAN MONK

1208 W Canyon Lakes Dr
Kennewick, WA 99337
Telephone: (239) 297-1845
Email: edwardmonk55@msn.com

____s/ Edward A. Monk_____ Signature    ____June 4, 2021_____ Date