UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD ALAN MONK,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | NO. 4:21-CV-5085-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's FTCA Complaint. ECF No. 1. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Edward Alan Monk, proceeding *pro se*, filed this suit on June 7, 2021, against the United States. ECF No. 1. In essence, Plaintiff complains that he was wrongfully charged and convicted in Nevada in 1993 for violations of 18

ORDER DISMISSING COMPLAINT ~ 1

U.S.C. § 2512(1)(b), manufacture, distribution, possession of electronic communication interception device and 47 U.S.C. § 605(e)(4), unauthorized use of communications. ECF No. 1 at 2. Plaintiff complains that he was falsely arrested without a warrant, convicted in the wrong venue, and wrongfully sentenced. *Id*. at 3. Plaintiff's "First Claim" (and only claim) seeks damages for the negligent acts and events constituting "assault, battery, false arrest, false imprisonment, abuse of process, failure to protect, and malicious prosecution." *Id*. at 4-5. Plaintiff hinges his claim upon the contention that his "conviction was nullified in the late 90s" and this fact was "fraudulently concealed" from him. *Id*. at 3. No evidence supports this contention.

The long and tortured history of the litigation in this matter consists of: the Eastern District of Washington criminal removal case No. 2:93-mj-04001-SAB; the District of Nevada criminal case No. 2:92-CR-00318-GMN; the Ninth Circuit appeal case No. 94-10053 (51 F.3d 283 (9th Cir. 1995) (unpublished table decision)) and the Ninth Circuit writ of mandamus case No. 16-72813.

Those cases show that Plaintiff was indicted on four counts of Manufacture, Distribution, Possession of Electronic Communication Interception Device and Unauthorized Use of Communications, in violation of 18 U.S.C. § 2512(1)(b) and 47 U.S.C. § 605(e)(4), on December 30, 1992, in the District of Nevada. An arrest warrant was issued and Plaintiff was arrested in Yakima, Washington, on January

5, 1993. Plaintiff made his initial appearance in the Eastern District of Washington at Yakima on January 5, 1993, before a Magistrate Judge. Plaintiff was released upon his personal recognizance. On February 4, 1993, the Magistrate Judge entered an Order for Removal requiring Plaintiff to appear before a United States Magistrate Judge on February 26, 1993, in Las Vegas, Nevada. Plaintiff was tried by jury in Nevada in October 1993. Plaintiff was convicted by a jury for Counts 3 and 4 of the Indictment for violations of 18 U.S.C. § 2512(1)(b) and 47 U.S.C. § 605(e)(4). On December 21, 1993, Plaintiff was sentenced to three years of probation, a $5,000 fine, inter alia. After trial, Plaintiff moved for a new trial based on "newly discovered evidence" pursuant to Fed. R. Crim. P. 33. The District Court denied Plaintiff's motion and he then appealed. The Ninth Circuit affirmed the district court's denial of Plaintiff's motion for a new trial on March 10, 1995.

Over 21 years later, in August 2016, Plaintiff filed a petition for a writ of mandamus and other Ninth Circuit motions requesting injunctive relief, dismissal of his conviction for lack of jurisdiction, summary judgment, a certificate of innocence and other forms of relief. On November 18, 2016, the Ninth Circuit denied Plaintiff's mandamus petition after finding that the case did warrant such an extraordinary remedy. On January 25, 2017, the Ninth Circuit denied Plaintiff's motion seeking reconsideration of the denial of mandamus relief or other relief.

ORDER DISMISSING COMPLAINT ~ 3

Between February and April 2017, Plaintiff filed motions for post-conviction relief in the Eastern District of Washington using the Magistrate Judge removal case number as his vehicle to get before the Court. Those motions were denied by the District Court.

No record shows that Plaintiff's convictions have been nullified.

## DISCUSSION

**A. Screening In Forma Pauperis Action**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

ORDER DISMISSING COMPLAINT ~ 4

1  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Accordingly, "[d]ismissal
2  is proper only if it is clear that the plaintiff cannot prove any set of facts in support
3  of the claim that would entitle him to relief." *Id*.  "In making this determination,
4  the Court takes as true all allegations of material fact stated in the complaint and
5  construes them in the light most favorable to the plaintiff." *Id*.  Mere legal
6  conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v.
7  Iqbal*, 556 U.S. 662, 679 (2009).  The complaint must contain more than "a
8  formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.
9  Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a claim to
10 relief that is plausible on its face." *Id.* at 570.  The Court construes a *pro se*
11 plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt.
12 *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation
13 omitted).

14    The Court finds that Plaintiff has failed to state facts which "plausibly give
15 rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

16    **B. Federal Tort Claims Act**

17    "As sovereign, the United States can be sued only to the extent that it has
18 waived its immunity from suit." *O'Toole v. United States*, 295 F.3d 1029, 1033
19 (9th Cir. 2002) (quotations and citation omitted).  The FTCA waives the United
20 States' immunity and provides governmental liability for "tort claims . . . in the

same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674; *see* 28 U.S.C. § 1346(b)(1) (stating the United States can be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."). The federal district courts are granted exclusive jurisdiction for such claims where the government "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As such, the federal government assumes liability for, and the Court has jurisdiction over, "wrongs that would be actionable in tort if committed by a private party under analogous circumstances, under the law of the state where the act or omission occurred." *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

Here, Plaintiff asserts that the action arises under the FTCA and that he has presented his claims to the agencies involved. ECF No. 1 at 1. Plaintiff alleges that the concealment of the nullification of his wrongful conviction tolled the statute of limitations. *Id*.

First, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Nor, has Congress waived the United States' sovereign immunity for intentional torts. 28 U.S.C. § 2680(h); *see also United States v. Shearer*, 473 U.S. 52, 54 (1985).

ORDER DISMISSING COMPLAINT ~ 6

Case 4:21-cv-05085-TOR    ECF No. 7    filed 06/08/21    PageID.23    Page 7 of 9

The Federal Tort Claims Act, 28 U.S.C. § 2680(h), excepts from liability "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution."

Here, the District of Nevada obtained a grand jury indictment for four alleged crimes committed by Plaintiff. Probable cause having been found by the grand jury, an arrest warrant was issued for Plaintiff. Fed. R. Crim. P. 9(a); and s*ee Kaley v. United States*, 571 U.S. 320, 338 (2014) (discussing a grand jury's finding of probable cause). Most importantly, Plaintiff's two convictions were never nullified. Courts may take judicial notice of public records, including court records from another case. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir.2004). One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Accordingly, there can be no liability for "assault, battery, false arrest, false imprisonment, abuse of process, failure to protect, and malicious prosecution." *See also Lassiter v. City of*

ORDER DISMISSING COMPLAINT ~ 7

1  *Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009) ("[P]robable cause is an

2  absolute defense to malicious prosecution."); *Hanson v. City of Snohomish*, 121

3  Wash. 2d 552, 558 (1993) (under Washington law, probable cause is a complete

4  defense to a malicious prosecution claim).

## OPPORTUNITY TO AMEND

6  Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

7  must be given the opportunity to amend his complaint to correct any deficiencies.

8  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28

9  U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

10 2012). The Court finds that it is absolutely clear that no amendment will cure the

11 deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's

12 Complaint with prejudice.

## DENIAL OF *IN FORMA PAUPERIS* STATUS

14 Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

15 *pauperis* if the trial court certifies in writing that it is not taken in good faith." The

16 good faith standard is an objective one, and good faith is demonstrated when an

17 individual "seeks appellate review of any issue not frivolous." *See Coppedge v.*

18 *United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an

19 appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*,

20 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  In addition to the Magistrate Judge's denial of *in forma pauperis* status, the Court hereby denies Plaintiff's *in forma pauperis* status because the Complaint is frivolous and fails to state a claim.

If Plaintiff seeks to pursue this matter again in the district court or on appeal, he must pay the full requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

3. Plaintiff's Motion to Obtain Electronic Case Filing Authorization, ECF No. 5, is **DENIED** as moot.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** June 8, 2021.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 9